IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

GREGORY HAYES                                                                         PLAINTIFF

VS.                                                          CIVIL ACTION NO. 3:14CV468-LRA

NURSE DUNN, ET AL                                                                DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This cause is before the Court on Defendants' motions for summary judgment [34 & 36]. Both Defendants Evelyn Dunn and Dr. Roy Reeves assert that the claims of Plaintiff Gregory Hayes should be dismissed due to his failure to exhaust his remedies that were available to him through the Administrative Remedy Program [ARP] implemented by the Mississippi Department of Corrections [MDOC]. Additionally, Defendants contend that Hayes's claims should be dismissed on the merits. Plaintiff has failed to file a written response to the motion or otherwise submitted any evidence regarding the assertions set forth by Defendants. After a thorough review of the pleadings and exhibits, Hayes's sworn testimony, and the applicable law, the Court finds that the motion should be granted based upon Hayes's non-exhaustion.

Failure to exhaust is an affirmative defense, so Defendant has the burden of demonstrating that Hayes failed to exhaust his administrative remedies. *Jones v. Bock*, 549 U.S. 199, 216 (2007). At the summary judgment stage, this means that Defendant "must establish beyond peradventure all of the essential elements of the defense of exhaustion to warrant summary judgment in their favor." *Dillon v. Rogers,* 596 F.3d 260,

266 (5th Cir. 2010).  The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(a). "The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court it would be insufficient to permit the nonmoving party to carry its burden." *Beck v. Tex. St. Board of Dental Exam'rs*, 204 F.3d 629, 633 (5th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).  The burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial.  *Allen v. Rapides Parish Sch. Bd.*, 204 F.3d 619, 621 (5th Cir. 2000).

Hayes was a convicted felon housed in the custody of the MDOC at the East Mississippi Correctional Facility [EMCF] in Meridian, Mississippi, on June 16, 2014, when he filed this lawsuit.  He filed suit against "Nurse Dunn," and "Dr. Reeves" because they allegedly gave him Haldol shots even though he was allergic to that medication.

As Defendants point out, the applicable section of the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(e), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

This statute clearly requires an inmate bringing a civil rights action in this Court to first exhaust his available administrative remedies.  *Booth v. Churner*, 532 U.S. 731, 739 (2001).  Exhaustion is no longer left to the discretion of the district court, but is

mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). Exhaustion will not be excused when an inmate fails to timely exhaust his administrative remedies; the exhaustion requirement also means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 83-84 (2006). It is not enough to merely initiate the grievance process or to put prison officials on notice of a complaint; the grievance process must be carried through to its conclusion. *Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001). This is so regardless of whether the inmate's ultimate goal is a remedy not offered by the administrative process, such as money damages. *Id.*

In *Jones v. Bock*, 549 U.S. 199, 211 (2007), the Supreme Court held that exhaustion was mandatory under the PLRA and that "unexhausted claims cannot be brought in court." Citing *Jones*, the Fifth Circuit restated that "the PLRA pre-filing exhaustion requirement is mandatory and non-discretionary," and that "district courts have no discretion to waive the PLRA's pre-filing exhaustion requirement." *Gonzalez v. Seal,* 702 F.3d 785, 787-88 (5th Cir. 2012) (per curiam); *Moussazadeh v. Texas Dept. of Criminal Justice*, 703 F.3d 781, 788 (5th Cir. 2012) (quoting *Gonzalez*).

The records provided by Defendants (and unrebutted by Hayes) confirm that Hayes did not exhaust his available administrative remedies regarding his specific claim that he was given Haldol shots even though he was allergic to that medication. The MDOC Grievance Detail, dated April 24, 2015, submitted in support of the motion, confirms that Plaintiff filed an ARP on January 3, 2014, EMCF 14-31, complaining about the medical treatment he was receiving for his mental problems [34-2, pp. 3-4]. Both a

First Step and a Second Step response were received. These responses indicate that Hayes was examined by his psychiatrist, Dr. Anderson, on January 11, 2014, and Hayes's medications were adjusted. The conclusion was that Hayes's issues were "addressed by Mental Health Team" and that no further action would be taken. Hayes did not mention either Defendant Dunn or Defendant Dr. Reeves in this ARP, nor did he indicate that he received Haldol injections and was allergic to them.

The Grievance Detail also confirms that on January 21, 2014, Hayes filed an ARP [EMCF 14-180] complaining that he did not get proper medical care for his neck problem [Exhibit B, 34-2]. He received both a First Step Response and a Second Step Response, but nothing in this ARP related to Haldol injections or these Defendants. According to Defendants, no ARP was filed regarding Hayes being given Haldol injections by either Nurse Dunn or Dr. Reeves.

The Administrative Remedy Program has been implemented by the MDOC statewide in all prisons, including EMCF, under the authority of Miss. Code Ann. § 47-5-801. The Court initially approved the MDOC ARP in *Gates v. Collier,* GC 71-6-S-D (N.D. Miss. 1971) (Order entered Feb. 15, 1994). The program was changed from a three-step process to a two-step process effective September 19, 2010, and that revised program was approved in *Gates v. Barbour,* No. 4:71-cv-6-JAD, Doc. 1242 (N.D. Miss. Aug. 19, 2010).[1] *See also Threadgill v. Moore,* 3:10cv378-TSL-MTP, 2011 WL 4388832, at *3 n. 6 (S.D. Miss. 2011).

---

[1] The Program is contained in the MDOC Inmate Handbook, ch. VIII, available at http://www.mdoc.state.ms.us/Inmate_Handbook/CHAPTER%30VIII.pdf.

The two-step process requires that an inmate submit a written grievance to the Legal Claims Adjudicator at the prison *within 30 days of the incident.* If the adjudicator accepts the ARP, it is forwarded to the appropriate official, and that official issues a First Step Response. If unsatisfied, the inmate may continue to the Second Step by using Form ARP-2 and sending it to the Legal Claims Administrator, utilizing the manila envelope furnished with the Step One response. A final decision will be made by the Superintendent, Warden, or Community Corrections Director.

Hayes testified at the omnibus hearing regarding his attempts to exhaust his claims [34-1, pp. 12-13]. According to Hayes, he did file an ARP against Dr. Reeves, but he did not file one against Nurse Dunn. He filed the grievance "on the whole medical room." *Id.* at 13. When asked if he completed the whole process with the grievances, Hayes testified: "I really don't know....." *Id.* After receiving Defendants' evidence of non-exhaustion, Hayes has not submitted any competing evidence showing that he did exhaust these claims. Hayes's conclusory allegations regarding exhaustion are insufficient to evade the requirement.

The exhaustion requirement demands *proper* exhaustion. According to the MDOC ARP program, this means the initial grievance must be filed within 30 days of the incident. In *Woodford*, the Supreme Court found that the PLRA's exhaustion requirement means "proper" exhaustion, which requires a prisoner to "complete the administrative review process in accordance with the applicable procedural rules, *including deadlines*, as a precondition to bringing suit in federal court." *Woodford*, at 83-84. *See also Gordon v. Yusuff,* No. 03-60822, 2004 WL 1551625, at *1 (5th Cir. 2004) (a federal prisoner's

5

untimely appeal to Central Office constituted grounds for dismissal based upon non-exhaustion). It is the prison's requirements, not the PLRA, that define the requirements of exhaustion. *Jones v. Bock,* 549 U.S at 218. Accordingly, the MDOC ARP's 30-day filing requirement must be met before an inmate can be found to have exhausted his claims. Now, Hayes may not be able to meet the timeliness deadline regarding the claim he set forth in his federal Complaint. Hayes never stated precisely *when* he was given Haldol shots.

Hayes did file an ARP regarding the "treatment he received for his mental problems." [3]. Yet, he did not mention Nurse Dunn or Dr. Reeves, nor did he complain of being allergic to Haldol. He did not charge that he received injections of Haldol from Nurse Dunn or Dr. Reeves or other medical personnel. In his Affidavit [36-1], Dr. Reeves confirms that he treated Hayes on two occasions at EMCF, on August 7, 2011, and on February 2, 2014. At neither time was Hayes on Haldol, nor did Dr. Reeves prescribe or administer Haldol to him. According to Dr. Reeves, he prescribed benztropine mesylate at the second exam, a drug used to treat involuntary movements due to the side effects of certain psychiatric drugs. Hayes has not rebutted Dr. Reeves's affidavit.

The law requires that the prison officials be provided fair notice of a prisoner's specific complaints and with the "time and opportunity to address [the] complaints internally." *Johnson v. Johnson,* 385 F.3d 503, 516 (5th Cir. 2004). "Since prisoners are generally required to follow the procedures adopted by the state prison system, the

6

specificity requirement should be interpreted in light of the grievance rules of the particular prison system ...." *Id.* at 517. *See also Marsalis v. Cain*, Civil Action No. 12-0799, 2014 WL 51215 (M.D. La. Jan. 7, 2014) (claims not raised "and/or were only alluded to so minimally as to be insufficient to provide fair notice to prison officials of the plaintiff's specific complaints..." were unexhausted; no specific mention of defendant made in grievance). In this case, even though Hayes did generally complain about his mental health treatment, Nurse Dunn and Dr. Reeves had no notice of his complaints about them in regard to injections of Haldol. This issue could not be addressed internally due to the lack of notice. The ARP Hayes filed was addressed by a "Dr. Anderson" and by a "Dr. D. Edwards." Because Defendant Dr. Reeves was not named in the ARP, he was not put on notice of the charges Hayes made.

The law does not necessarily require that the prison official defendant be specifically named in the grievance. In *Jones v. Bock,* the Court held that exhaustion is not *per se* inadequate merely because a prison official sued in the § 1983 action was not named in the administrative grievance. 549 U.S. at 218. The Court noted that it is the prison's grievance procedure that controls, and that procedure may require the prisoner to reference a particular official. *Id.* "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Id.* Although the MDOC program has no specific requirement that the individual prison official be named, the inmate is required to present as many facts as

7

possible and answer all the questions "who, what, when, where, and how concerning the incident."  (See the ARP, Chapter III, **IV. Procedures** D.)   Effectively, this portion of the ARP requires that all officials involved be named or at least referenced by description. *See Curry v. Scott,* 249 F.3d 493, 505 (6th Cir. 2001) (a grievance specifically complaining of a beating by one guard did not suffice to exhaust a failure to protect claim against another guard not mentioned in the grievance but who stood by and watched).

To defeat a summary judgment motion, competent evidence must be provided to defeat that set forth by the movant.  Although Hayes did file an ARP regarding his mental health treatment, his ARP did not reflect the Complaint he brings in this Court.  He generally contends he exhausted, but his 'conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence' will not satisfy the nonmoving party's burden on summary judgment." *Garner v. Moore,* 536 Fed. Appx. 446, 449 (5th Cir. 2013) (quoting *Freeman v. Tex. Dep't of Criminal Justice,* 369 F.3d 854, 860 (5th Cir. 2004).  In this case, Defendants' "uncontested, competent summary judgment evidence establishes beyond peradventure" that the ARP was available to Hayes and that he failed to complete it regarding the claim set forth in the Complaint.  *See Fruge v. Cox,* Civil Action No. 14-0153, 2015 WL 964560 at *4 (W.D. La., March 4, 2015).

Defendants have also moved for summary judgment based upon the merits of Hayes's claims.  Because Hayes failed to exhaust his administrative remedies, the Court need not reach the merits of the claims.  *See Marshall v. Price,* 239 F.3d 365 (5th Cir.

2000) (declining to reach the merits of an inmate's Section 1983 claims after finding that he failed to exhaust his administrative remedies).

For these reasons, the Court finds that Defendants' Motions for Summary Judgment [34 & 36] should be and are hereby **granted** and Plaintiff's Complaint be dismissed without prejudice as to all Defendants.[2]

Respectfully submitted, this the 8th day of March 2016.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE

---

[2] Hayes's delay may foreclose his ability to properly exhaust available administrative remedies, as "proper exhaustion" requires compliance with deadlines and other critical procedural rules. *Woodford*, supra.